■ NEW YORK INSTITUTE OF TECHNOLOGY, Respondent, v. COUNCIL OF METROPOLITAN AND OLD WESTBURY CHAPTERS, AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al., Appellants.— In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 26, 1973, which granted the application. Judgment reversed, on the law, with $20 costs and disbursements, and application denied. On December 16, 1971, petitioner and the appellant association entered into a collective bargaining agreement covering the years here in question, which provided for arbitration of disputes arising thereunder, but "limited solely to disputes involving the application and interpretation of the specific terms of this Agreement." The contract further provided for incorporation therein of two further documents, entitled "Personal and Budget Procedures" and "Grievance and Arbitration Procedures", which had previously been agreed upon. The first of these two documents delineated the role of the faculty in the area of appointments on tenure and provided, with respect to final ratification by petitioner's board of trustees, that "procedures shall follow AAUP guidelines for the governance of college." It is appellants' contention that this verbiage incorporated by reference a 1966 AAUP-approved "Statement on Government of Colleges and Universities", which is commonly referred to as the "AAUP Guidelines for the Governance of Colleges." This "Statement" provides, in pertinent part, that "the governing board and president should, on questions of faculty status [i.e., tenure], as in other matters where the faculty has primary responsibility, concur with the faculty judgment except in rare instances and for compelling reasons which should be stated in detail" (interpolation added). Appellants contend that the foregoing proviso was violated by petitioner in its denial of tenure to two professors recommended for appointment in 1972, for which reason they instituted grievance proceedings. The grievance and arbitration procedures provided for the orderly processing of "all complaints and grievances" thereafter arising between "faculty members and the administration". "Step 3" of the procedure consists of arbitration of the dispute, and it was upon appellants' reaching this stage and serving a demand for arbitration that petitioner undertook to obtain the instant stay. The ground asserted by petitioner in support of its application was that a valid agreement to arbitrate had not been made with respect to the subject matter in dispute and that incorporation of the 1966 statement was never intended. The well-established law of this State is clearly to the effect that the role of the courts on an application to stay arbitration, especially one arising out of a collective bargaining agreement, is severely limited (CPLR 7503, subd. [b]) and raises only the questions of whether the parties entered into a valid contract for arbitration of their differences and whether the subject matter in dispute falls generally within the compass of the arbitration provisions (*Matter of Howard & Co.* v. *Daley,* 27 N Y 2d 285; *Matter of Long Is. Lbr. Co.* [*Martin*], 15 N Y 2d 380;*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329; *Board of Educ. of Chautauqua Cent. School Dist.* v. *Chautauqua Cent. School Teachers Assn.,* 41 A D 2d 47). If the foregoing is affirmatively established, a presumption of arbitrability will be indulged, which may be rebutted only by further verbiage in the contract which carefully and specifically excludes arbitration (*Matter of Howard & Co.* v. *Daley, supra*; *Matter of Fitzgerald* [*General Elec. Co.*], 19 N Y 2d 325; *Matter of Long Is. Lbr. Co.* [*Martin*], *supra*). Failing such a rebuttal, the remainig issues in controversy, including questions of the construction of the agreement and matters of procedural and substantive arbitrability, will be committed to the arbitrator, rather than the courts, for resolution (*Matter of Howard & Co.* v. *Daley, supra*; *Matter of Long Is. Lbr.*

Co. [*Martin*], *supra*; *Matter of Exercycle Corp.* [*Maratta*], *supra*). Applying the foregoing principles to the case at bar, it is apparent that the instant dispute should proceed to arbitration, as the gravamen of the present controversy concerns the construction and interpretation of the personnel and budget procedures, which document was incorporated by reference into the contract. The fact of said incorporation clearly brings these "Procedures" within the language of the agreement's arbitration provision, which restricts arbitrability to controversies involving "the application and interpretation of the specific terms" thereof. This being so, it necessarily follows that the questions presented, (i.e., whether the terms of the 1966 statement have been incorporated into the agreement and whether petitioner's conduct has been in conformity therewith) fall fully within the ambit of the arbitration provision, thereby commending resolution of the merits to the arbitrators (*Matter of Howard & Co.* v. *Daley*, *supra*; *Matter of Fitzgerald* [*General Elec. Co.*], *supra*; *Matter of Long Is. Lbr. Co.* [*Martin*], *supra*). Hopkins, Acting-P. J., Martuscello, Brennan and Shapiro, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: This is a special proceeding pursuant to CPLR 7503 (subd. [b]) to stay an arbitration. The parties entered into a collective bargaining agreement which adopted procedures whereby certain faculty committees might participate in hiring and firing professional personnel. The committees' recommendations were subject to grievance and arbitration procedures. However, the final administrative determination was not subject to such procedures. The faculty committees recommended 15 teachers to tenure for the 1972–1973 academic year. But for economic reasons, the petitioner's president and board of trustees granted tenure only to the first 11 teachers thus recommended by the committees. Two professors were among those not granted tenure. Thereafter they filed grievances and demands for arbitration. The question is whether the denial of tenure by petitioner is subject to arbitration. In my opinion, it is not. First, as I read this record, appellants have no cause to complain. By granting tenure to the first 11 teachers recommended, petitioner concurred with the recommendation of the faculty committees. Second, the record does not suggest that the teachers to whom tenure was denied were the subjects of any form of discrimination. And third, there was no finding of incompetence. The loss of their positions was a consequence of budgetary restrictions. Such tenure disputes are not a subject of arbitration.