CITY OF ROCHESTER, Appellant, v AFSCME, Local 1635, Respondent.

Fourth Department, November 12, 1976

*Louis N. Kash, Corporation Counsel (Emil Karcich* of counsel), for appellant.

*Hoffenberg & Christiano (George Hoffenberg* of counsel), for respondent.

MOULE, J. The question presented on this appeal is whether respondent's demand for compensation due to petitioner's order prohibiting the use of city-owned vehicles during non-working hours is an arbitrable issue. Petitioner seeks a stay of arbitration on the grounds of *res judicata* and that any cash award to municipal employees would constitute a violation of section 1 of article VIII of the New York Constitution.[1]

To understand fully the issues involved in this case, it is

1. Section 1 of article VIII of the New York Constitution provides: "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking, or become directly or indirectly the owner of stock in, or bonds of, any private corporation or association."

necessary to present a brief history of the facts leading up to petitioner's demand for a stay of arbitration. In a letter dated March 11, 1975 petitioner informed all supervisory personnel that as of April 14, 1975 they were to leave their city cars at work when their daily work shifts were completed. The institution of this regulation was in direct contradiction to the prior practice of allowing such municipal employees to retain the use of the city cars after working hours.

Upon receipt of this letter respondent, American Federation of State, County and Municipal Employees (AFSCME, Local 1635), filed a grievance dated March 24, 1975, pursuant to the existing collective bargaining agreement, in which it alleged that petitioner was attempting to deprive supervisory personnel of a benefit that they had had for many years and that such deprivation violated section 2 of article 21 of the contract. Respondent sought that supervisory personnel be allowed to retain their cars during the hours in question or receive a benefit of equal value.

After the filing of this grievance, a hearing was held before an arbitrator who made a decision dated August 25, 1975 in which he stated: that petitioner is directed to restore the motor vehicles to persons assigned; that it is directed to post on all respondent's bulletin boards such proposed rule changes, if any, relating to the use and operation of motor vehicles as it deems appropriate for a period of 10 consecutive work days as provided in the contract; that petitioner is further directed to consult with respondent with respect to such rule changes as provided by the terms of the contract; and that the arbitrator would retain jurisdiction over any dispute that may evolve with respect to the grievance procedure provided in the contract. This arbitration award was confirmed by the Supreme Court on February 8, 1976 and no appeal was taken.

Subsequent to this arbitration decision respondent filed a new grievance dated October 14, 1975 and a demand for arbitration dated November 4, 1975. In this grievance respondent alleged that petitioner, in accordance with the arbitration award of August 25, 1975, had violated section 2 of article 21 of the collective bargaining contract which deals with the procedure for initiating work rule changes. It further alleged that this violation resulted in a loss of fringe benefits to all supervisory personnel and foremen for the period from April

14, 1975 through September 8, 1975 which respondent valued at $900.[2]

On November 21, 1975 petitioner applied for a stay of arbitration. It contended that respondent's latest demand for arbitration was barred by the doctrine of *res judicata* because the demand for arbitration dated November 4, 1975 concerned matters previously acted upon and decided by the arbitrator in his decision of August 25, 1975. Petitioner further argued that the demand for arbitration sought a remedy violative of section 1 of article VIII of the New York State Constitution which prohibits gifts or loans of public funds.

While the court had this application for a stay before it, respondent on November 24, 1975 submitted a second demand for arbitration, alleging the same violation of the collective bargaining agreement as in its grievance of October 14, 1975 but increasing the amount of the loss from $900 to $2,000. Thereupon petitioner applied for a stay of this arbitration proceeding asserting the same grounds upon which it sought to stay respondent's November 4, 1975 demand for arbitration.

On December 22, 1975 the attorney for respondent filed an affidavit in opposition to the petitions to stay arbitration. He asserted that respondent filed its latest grievance seeking completion of the arbitration decision of August 25, 1975. He further stated that petitioner had not set forth any of the grounds under CPLR 7503[3] for granting a stay of arbitration.

The applications to stay arbitration of November 21, 1975 and December 10, 1975 were heard on January 7, 1976. In orders dated January 20, 1976 both motions were denied and it is from these two orders that petitioner appealed.

The courts in general have held steadfast to the notion that their role is extremely limited in considering an application to stay arbitration (see *Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn [Auburn Teachers Assn.]*, 49 AD2d 35, 38; *New York Inst. of Technology v Council of Metropolitan & Old Westbury Chapters*, 47 AD2d 659; *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent.*

---

2. It is not clear whether this figure pertains to the total loss incurred by all employees or to the loss of each employee individually.

3. CPLR 7503 (subd [b]) provides: "[A] party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with or that the claim sought to be arbitrated is barred by limitation under subdivision (b) of section 7502."

*School Teachers Assn.,* 41 AD2d 47, 51). As the Second Department stated in *New York Inst. of Technology v Council of Metropolitan and Old Westbury Chapters (supra):* "The well-established law of this State is clearly to the effect that the role of the courts on an application to stay arbitration, especially one arising out of a collective bargaining agreement, is severely limited (CPLR 7503, subd. [b]) and raises only the questions of whether the parties entered into a valid contract for arbitration of their differences and whether the subject matter in dispute falls generally within the compass of the arbitration provisions [citations omitted]. If the foregoing is affirmatively established, a presumption of arbitrability will be indulged, which may be rebutted only by further verbiage in the contract which carefully and specifically excludes arbitration [citations omitted]. Failing such a rebuttal, the remaining issues in controversy * * * will be committed to the arbitrator, rather than the courts, for resolution [citations omitted]."

Here petitioner has failed to raise any of the statutory grounds for staying arbitration as required in CPLR 7503 (subd [b]) but contends that a prior arbitration determination is *res judicata* and that in any event any cash award to municipal employees would violate the State Constitution.

The doctrine of *res judicata* is an appropriate ground upon which a court may grant a stay of such proceedings since *res judicata* is applicable to issues resolved by earlier arbitration and the scope of an award, and therefore its *res judicata* effect is an issue properly determinable by the court and not the arbitrators *(Rembrandt Ind. v Hodges Int.,* 38 NY2d 502; *Matter of Springs Cotton Mills [Buster Boy Suit Co.],* 300 NY 586; *Matter of Weinberger [Friedman],* 41 AD2d 620). Thus, this court must ascertain whether the issues raised here were determined in the prior arbitration proceedings.

The arbitrator's decision of August 25, 1975 directed petitioner to restore the motor vehicles to the persons to whom they were assigned and further ordered that petitioner follow the appropriate collective bargaining procedure for instituting rule changes. The arbitrator retained jurisdiction with respect to any subsequent disputes concerning the issues.

The arbitrator's decision attempted to return petitioner and respondent to the positions which they were in before petitioner required that respondent's members leave their city cars at work when their daily work shifts were completed. The

August, 1975 award did not address the main issue of whether after-hours' use of city cars was a fringe benefit nor did it make any determination as to the compensable value of the nonuse. Thus, the present demand for arbitration seeking a determination of these issues would not be barred by the doctrine of *res judicata.*

Petitioner argues that if the relief requested by respondent is granted by the arbitrator, it would constitute a cash benefit to the employees without any corresponding benefit to the municipality, thus violating section 1 of article VIII of the New York State Constitution. The Court of Appeals has stated that where the collective bargaining agreement creates an enforceable contractual right, a payment awarded under that agreement cannot be considered a "gift" in violation of the State Constitution (see *Matter of Antonopoulou v Beame,* 32 NY2d 126). It is impossible to discern from the facts presented whether the use of the city-owned vehicles is a fringe benefit accorded the employees under their contract or whether their use is indeed a "gift". Consequently, an arbitration proceeding should be held to determine what the rights of petitioner and respondent are under the collective bargaining agreement. In reaching this determination the arbitrator should not consider "custom and usage" but should adhere to the terms of the agreement between the two parties, whether such terms be express or implied. Until this initial determination is made, it is not proper or possible for the court to decide the issue presented herein.

The two orders of the court denying petitioner's motions to stay arbitration should be affirmed and the petitioner and respondent directed to submit to arbitration the question of whether the use of city cars was a fringe benefit under the contract of employment and, if so, what monetary loss respondent's members sustained by being deprived of such usage.

MARSH, P. J., CARDAMONE, SIMONS and GOLDMAN, JJ., concur.

Orders unanimously affirmed, without costs.