■ In the Matter of the Arbitration between THE CITY OF YONKERS, Appellant, and RAYMOND CASSIDY et al., Respondents.—In a proceeding to permanently stay arbitration, petitioner appeals from an order of the Supreme Court, Westchester County, dated January 3, 1977, which denied the application and directed the parties to proceed to arbitration. Order reversed, on the law, with $50 costs and disbursements payable to petitioner by respondents, and application to permanently stay arbitration granted. The well-established rule is that in a proceeding to stay arbitration, the only issues before the court are "whether the parties entered into a valid contract for arbitration * * * and whether the subject matter in dispute falls generally within the compass of the arbitration provisions" *(New York Inst. of Technology v Council of Metropolitan & Old Westbury Chs., Amer. Assn. of Univ. Professors,* 47 AD2d 659). There is no question that the parties entered into a contract providing for arbitration. The subject matter of the dispute, i.e., the dismissal of the crossing guards in alleged violation of section (B) of article 9 of the agreement, cannot be said, however, to fall within the arbitration provisions. The Court of Appeals has held that "[section (B) of article 9 of the collective bargaining agreement] is not a 'job security' clause" *(Yonkers School Crossing Guard Union of Westchester Ch., CSEA v City of Yonkers,* 39 NY2d 964, 965). The court therein contrasted "explicit, unambiguous and comprehensive" job security clauses in two other cases and stated that, *unlike the clauses in those cases,* "the instant clause is ambiguous". Although the court was not considering the question

of arbitration, inasmuch as the procedural course that the crossing guard union followed was first to seek a declaratory judgment, the court did make a determination concerning the clause about which arbitration is now demanded. The union may not seek a second determination which might be inconsistent with the earlier one made by the Court of Appeals (cf. *Matter of New York State Labor Relations Bd. v Holland Laundry*, 294 NY 480, 493). Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.