OPINION OF THE COURT
Alfred D. Lerner, J.
In this article 75 proceeding petitioner seeks an order staying arbitration pursuant to CPLR 7503 (subd [b]).
Petitioner and respondents Dial-A-House, Inc., and Herb Golden, as members of the Long Island Board of Realtors (hereinafter "LIBOR”) participate in a multiple listing service available to licensed real estate brokers. The present dispute involves a commission claim for brokerage services resulting from a multiple listing.
Petitioner contends (1) that a valid arbitration agreement has not been entered into and that the issue at bar is not arbitrable; (2) that the requirement that a broker submit to arbitration in order to participate in a multiple listing service is unconstitutional, an illegal restraint of trade and a deprivation of due process, and (3) that the notice of intention to arbitrate fails to comply with CPLR 7503 (subd [c]) and with the rules set forth by LIBOR.
A threshold question before this court is whether a valid contract for arbitration was entered into (Matter of City of Yonkers v Cassidy, 58 AD2d 627, affd 44 NY2d 784). Under section 1, article XX, of the constitution and by-laws of LIBOR, any controversy relating to the business of real estate between parties who were members must be submitted for arbitration. The arbitration of these matters is furthermore agreed to in writing upon application for membership to LIBOR.
Petitioner, by virtue of his membership, was bound by the duly enacted provisions of the constitution and by-laws (Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291; Matter of Willard Alexander, Inc. [Glasser], 31 NY2d 270, cert den 410 US 983; Merrill Lynch, Pierce, Fenner & Smith v Grisenbeck, 28 AD2d 99, affd 21 NY2d 688). In the case at bar, petitioner, in addition, specifically agreed in his written application that all controversies between members relating to real estate would be arbitrated. Moreover, the issue of commissions between two brokers falls squarely within the ambit of disputes contemplated under the arbitration agreement.
*1028 Petitioner’s second contention is equally without merit. Arbitration has long been favored in this State "as a means of conserving the time and resources of the courts and the contracting parties” (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., 37 NY2d 91, 95; Mobil Oil Indonesia v Asamera Oil, 43 NY2d 276; Matter of Maye [Bluestein], 40 NY2d 113). The favoring of this public policy can be traced to the 1920 Arbitration Act which was upheld as constitutional in the Matter of Berkovitz v Arbib & Houlberg (230 NY 261) and from which CPLR article 75, the modern day counterpart, has been derived. In that the decision to submit disputes to arbitration is a voluntary act and a creature of contract, constitutional rights such as access to the courts can be waived in exchange for the benefits of membership in an organization (see Antinore v State of New York, 49 AD2d 6, affd 40 NY2d 921).
An examination of the notice of intention to arbitrate reveals, however, the failure to include language which states "that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time” as required by CPLR 7503 (subd M).
A notice which fails to include this caveat cannot be a basis for a preclusion order (Matter of Government Employees Ins. Co. v Kozlowski, 62 AD2d 1056; Sleepy Hollow Dev. & Community Improvement Housing Dev. Fund Co. v De Angelis, 51 AD2d 267). This court has not precluded petitioner and has gone to the merits of this application to stay arbitration. A finding has been made that a valid agreement and arbitrable issues exist; as such, no purpose would be served in staying arbitration pending the service of a technically correct notice.
Petitioner’s final contention involves the failure by respondents to comply with LIBOR’S rules governing the selection of arbitrators. This is not an issue before the court as to whether a condition precedent has been fulfilled but is rather a procedural matter which must be relegated to the arbitrators.
Accordingly, the application for a stay is denied and the parties are directed to proceed to arbitration.