985 F.2d 1067
 Fed. Sec. L. Rep. P 97,443
Frank KELLY, Maria Kelly, Juan Antonio Brando, Berta
Laserna, Rafael David Poleo Isava, Ellio Ciocca, Daniel
Prado Flores, Max Gomez, William Mackay, Antonia Mackay,
Gonzalo Barquero, Abraham Stefan, Osvaldo Cordova, Rudy
Zepeda, Thomas Bovee, Ricardo Sucre and Agropecuaria Millon,
C.A., Plaintiffs-Appellants,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware
Corporation, Defendant-Appellee.
 Nos. 91-5927, 91-6085.
 United States Court of Appeals, Eleventh Circuit.
 March 15, 1993.
 
 Thomas H. Seymour, Harry R. Schafer, Scott E. Perwin, Kenny, Nachwalter, Seymour, Arnold & Critchlow, P.A., Miami, FL, for plaintiffs-appellants.
 Bennett Falk, Peter Buscemi, Morgan, Lewis & Bockius, Miami, FL, for defendant-appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, DYER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case asks whether the district court properly enjoined arbitration proceedings on the basis of res judicata. We affirm.
 
 
 2
 Plaintiffs had accounts with defendant Merrill Lynch. In 1987, plaintiffs filed a complaint based on SEC Rules 10b-5 and 10b-16 in district court.[1] After about two years of discovery, plaintiffs dismissed the 10b-16 claim. The court ultimately granted summary judgment to defendant on the remaining Rule 10b-5 claim. We affirmed. Kelly v. Merrill Lynch, 948 F.2d 1297 (1991).
 
 
 3
 Shortly after the district court granted defendant summary judgment, plaintiffs started arbitration of four state common law claims. The state claims alleged essentially the same conduct as the earlier litigation. Defendant moved the district court for a preliminary injunction against the arbitration. Plaintiffs' response included a motion to compel arbitration.
 
 
 4
 The district court granted the injunction. The district court concluded that 28 U.S.C. § 2283 gives federal courts the power to issue injunctions to protect their own judgments and that res judicata barred the arbitration claim.
 
 I.
 
 5
 We must first decide whether the district court had the power to enjoin arbitration at all. The Anti-Injunction Act, 28 U.S.C. § 2283, says that federal courts can only enjoin state court proceedings in certain cases, including where necessary to protect federal court judgments. Citing this provision, plaintiffs argue federal courts cannot enjoin arbitration because arbitration is not a state court proceeding. Cf. McDonald v. West Branch, 466 U.S. 284, 287-88, 104 S.Ct. 1799, 1801-02, 80 L.Ed.2d 302 (1984) (arbitration is not a state court proceeding under 28 U.S.C. § 1738).
 
 
 6
 The All-Writs Act, 28 U.S.C. § 1651, gives federal courts broad injunctive powers to protect their own judgments. See, e.g., Kinnear-Weed Corp. v. Humble Oil & Refining Co., 441 F.2d 631, 637 (5th Cir.), cert. denied, 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971); Gregis v. Edberg, 645 F.Supp. 1153, 1157 (W.D.Pa.1986), aff'd, 826 F.2d 1054 (3d Cir.1987). This power includes the authority to enjoin arbitration to prevent re-litigation. See Tai Ping Insurance Co. v. M/V Warschau, 731 F.2d 1141, 1144 (5th Cir.1984); Miller Brewing Co. v. Fort Worth Distr. Co., 781 F.2d 494 (5th Cir.1986). We think the Anti-Injunction Act merely carves out an exception to the courts' broad injunctive powers, rather than authorizing an exclusive class of injunctions. The district court had the power to enter an injunction.
 
 II.
 
 7
 The next question is whether the district court properly resolved the res judicata defense, rather than leaving the issue for the arbitrators to resolve. The Federal Arbitration Act, 9 U.S.C. § 2, expresses a policy in favor of arbitration. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Thus, the general rule for deciding which questions belong to the courts is that, while federal courts can decide if an issue is arbitrable or not, they cannot reach the merits of arbitrable issues. E.g., Dean Witter Reynolds v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402-04, 87 S.Ct. 1801, 1805-06, 18 L.Ed.2d 1270 (1967). And doubts should be resolved in favor of arbitration, even if the result is piecemeal litigation. See Moses H. Cone, 460 U.S. at 20, 103 S.Ct. at 939; Byrd, 470 U.S. at 218-21, 105 S.Ct. at 1241-43.
 
 
 8
 Plaintiffs argue that res judicata must be left to arbitration because it is an affirmative defense that goes to the merits of their claims. See Enterprise Ass'n v. Empire Mech., Inc., 1992 WL 84689 * 2 (S.D.N.Y. April 9, 1992). We think the better rule is that courts can decide res judicata. See Miller, 781 F.2d at 501 (where state court dismissed plaintiff's claims with prejudice, and plaintiff then sought arbitration of claims that could have been brought in state suit, district court properly enjoined arbitration on the basis of res judicata); see also New York State Ass'n for Retarded Children v. Carey, 456 F.Supp. 85, 96 (E.D.N.Y.1978) (res judicata is exception to general rule requiring arbitration of issues going to the merits); City of Rochester v. AFSCME, 54 A.D.2d 257, 388 N.Y.S.2d 489, 491 (N.Y.App.Div.1976) (same). Courts should not have to stand by while parties re-assert claims that have already been resolved. See Miller, 781 F.2d at 497 n. 3 ("res judicata ... [has] probably done more to prevent useless and wasteful litigation than arbitration ever could."). The issue is not just one of preventing the piecemeal litigation that occurs when parties simultaneously assert claims in several forums, but of protecting prior judgments. Therefore, the district court properly reached the res judicata issue.
 
 III.
 
 9
 We turn to the merits of the res judicata defense. A party can waive res judicata by consenting to split the claim into two suits. Restatement (Second) of Judgments § 26 cmt. a. The agreement here gave both parties the right to compel arbitration of state law claims, but not federal securities claims, even if both kinds of claims arose from the same events. See Blue Gray Corps. I & II v. Merrill Lynch, 921 F.2d 267, 271 (11th Cir.1991). Plaintiffs argue that because defendant essentially agreed to arbitrate some claims but litigate others, defendant waived or should be equitably estopped from asserting res judicata.
 
 
 10
 We cannot read the agreement as an express or implied waiver of res judicata. The agreement simply allowed plaintiffs to institute two suits based on the same events. Nothing shows that the parties understood--or that defendant led plaintiffs to believe--that the end of first action would not preclude the start of the second.[2] Therefore, defendant was entitled to assert res judicata.
 
 
 11
 Res judicata bars parties from relitigating issues that were or could have been raised in the first action. Federated Dep't Stores v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). Plaintiffs could have asserted the state claims before the district court, which would have had pendent or diversity jurisdiction over the claims.[3] The uncertainty of whether defendant would move to compel arbitration of the state claims did not justify two proceedings. Cf. Harper Plastics v. Amoco Chemicals Corp., 657 F.2d 939, 946 (7th Cir.1981) (uncertainty of whether court would assert pendent jurisdiction did not justify multiple proceedings). The district court properly decided res judicata barred the arbitration.
 
 
 12
 We review the district court's injunction for abuse of discretion. See Delta Air Lines, Inc. v. McCoy Restaurants, Inc., 708 F.2d 582, 587 (11th Cir.1983); Tai Ping, 731 F.2d at 1146. The district court was in the best position to decide whether the arbitration proceedings jeopardized its prior judgment. See Delta, 708 F.2d at 586. It did not abuse its discretion by concluding an injunction was necessary.[4]
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Each plaintiff had previously signed a written agreement with defendant that said:
 Except to the extent that controversies involving claims arising under the federal securities laws may be litigated, any controversy between us arising out of such option transactions or this agreement shall be settled by arbitration ...
 R2-151-12-13.
 
 
 [2]
 This lack of misleading conduct on defendant's part distinguishes our case from Calderon Rosado v. General Elec. Circuit Breakers, 805 F.2d 1085, 1087 (1st Cir.1986). In Calderon, both parties agreed the plaintiff would dismiss her state case and proceed exclusively in federal court, only to have the defendant later plead res judicata in the second claim
 The other cases plaintiffs cite, Kendall v. Avon Prods., 711 F.Supp. 1178, 1182 (S.D.N.Y.1989), and Imperial Constr. Mgt. Corp. v. Laborers Int'l Local 96, 729 F.Supp. 1199, 1205-07 (N.D.Ill.1990), are also distinguishable. In those cases, the plaintiffs brought two actions simultaneously and the defendants did not object. It is one thing to say that when a defendant acquiesces in simultaneous suits, it impliedly agrees to let both suits proceed to resolution. It is another to say that by simply agreeing in advance of any controversy to litigate state and federal claims that might later arise in different forums, defendant agreed to let plaintiffs initiate one suit, lose, and try again in another forum.
 
 
 [3]
 That plaintiffs could have brought all their claims in district court--put differently, the district court had the power to decide all of plaintiffs' claims--distinguishes this case from Clark v. Bear Stearns & Co., 966 F.2d 1318 (9th Cir.1992). In Clark, the plaintiff brought state and federal claims in a single federal suit. Based on a pre-existing arbitration agreement, the district court ordered arbitration of the state claims, but retained jurisdiction over the federal claims. The arbitration panel later dismissed "[a]ll claims."
 The Ninth Circuit held that res judicata did not bar the plaintiff from litigating the remaining federal claims in district court. Because the district court retained jurisdiction over the federal claims, the plaintiff could not have asserted them in the arbitration proceeding. Therefore, the arbitral judgment had no effect on the federal claims. Id. at 1321.
 
 
 [4]
 In a separate appeal, plaintiffs challenge the costs awarded to defendant. Because the district court neither abused nor failed to use its discretion in awarding costs to defendant, we affirm its award