NORTH BOULEVARD PLAZA, A NORTH CAROLINA GENERAL PARTNERSHIP, PLAINTIFF v. NORTH BOULEVARD ASSOCIATES, A NORTH CAROLINA GENERAL PARTNERSHIP; SEBY B. JONES; ROBERT L. JONES; AND KEITH R. HARROD, DEFENDANTS

No. COA99-172

(Filed 7 March 2000)

**Arbitration and Mediation— modification of award—"evident miscalculation of figures"—incorrect formula does not qualify**

Although the arbitrators attempted to modify their award under N.C.G.S. § 1-567.14(a)(1) based on committing an "evident

NORTH BLVD. PLAZA v. NORTH BLVD. ASSOCS.

[136 N.C. App. 743 (2000)]

miscalculation of figures," the trial court did not err in denying plaintiff's motion to confirm the modified award and in granting defendants' motion to set aside the modified award because the arbitrators did not have the authority under N.C.G.S. § 1-567.10 to modify the award since: (1) an "evident miscalculation of figures" is defined as "mathematical errors committed by arbitrators which would be patently clear"; and (2) the use of an incorrect formula to determine the award is not an "evident miscalculation of figures."

Judge TIMMONS-GOODSON dissenting.

Appeal by plaintiff from order filed 5 November 1998 by Judge B. Craig Ellis in Wake County Superior Court. Heard in the Court of Appeals 26 October 1999.

*Boxley, Bolton & Garber, L.L.P., by Ronald H. Garber, for plaintiff-appellant.*

*Manning, Fulton & Skinner, P.A., by Charles E. Nichols, Jr., for defendant-appellees.*

GREENE, Judge.

North Boulevard Plaza, a North Carolina General Partnership (Plaintiff), appeals a 5 November 1998 order denying Plaintiff's motion to confirm a Modification of Report of Arbitrators (Modified Award), and granting a motion by North Boulevard Associates, A North Carolina General Partnership, Seby B. Jones, Robert L. Jones, and Keith R. Harrod (collectively, Defendants), to set aside the Modified Award.

The evidence shows that on 31 December 1977, Plaintiff leased a parcel of real estate located in Wake County to Defendants, and on 27 June 1996, Plaintiff filed an action against Defendants to recover rent due under the parties' lease agreement. The dispute was submitted to binding arbitration under the terms of the Uniform Arbitration Act, N.C.G.S. ch. 1, art. 45A, as required by the lease agreement, and the parties selected three arbitrators. On 15 June 1998, the arbitrators issued a Report of Arbitrators (Arbitration Award) finding Defendants, based on a rent formula in the lease, were entitled to an 8.5% return on certain investments made for capital improvements to the property. The arbitrators then determined "what adjustments were necessary for additional amounts due either [Plaintiff] or

[Defendants]," and calculated interest at 8.5% per annum on these amounts to "arrive at the total amount due to the respective party for each year involved." Based on these figures, the arbitrators awarded Plaintiff $80,712.00 in rent due under the lease.

On 24 June 1998, Plaintiff submitted to the arbitrators an Application to Modify or Correct the Arbitration Award pursuant to N.C. Gen. Stat. §§ 1-567.14(a)(1) and 1-567.14(a)(3). Plaintiff argued the arbitrators used an improper method to calculate the amount of rent due. According to Plaintiff, the arbitrators "front-end loaded" all funds due to Defendants, based on Defendants' investments for capital improvements, into the year in which the expenditures were made. Plaintiff stated in its application:

> [W]hen the eight and one-half percent per year interest is not front-end loaded, there are less deductions from the rent due to . . . [P]laintiff and a greater amount of rent is due year by year; consequently, as the greater amount of unpaid rent accrues interest from the due date to the date of the [Arbitration Award], . . . there is significantly more owed from . . . [D]efendant[s] to . . . [P]laintiff.

Plaintiff, therefore, sought to increase the Arbitration Award to $166,123.00.

In their response to Plaintiff's application, Defendants objected to any modification on the ground the arbitrators had no authority under the Uniform Arbitration Act to award Plaintiff the relief sought.

On 21 July 1998, the arbitrators issued the Modified Award, which increased Plaintiff's award to $154,532.00. The Modified Award stated, in pertinent part:

> 1. The [a]rbitrators have determined that they committed an evident miscalculation of figures when they included all interest deductions through the date of arbitration for the year in which the investment was made. Instead, the [a]rbitrators should have allowed a deduction or credit for each year from the year in which the investment was made through the date of arbitration.

Defendant then filed a motion in the superior court, pursuant to N.C. Gen. Stat. § 1-567.13(a)(3), to set aside the Modified Award on the ground the arbitrators "exceeded their authority under [N.C. Gen. Stat.] § 1-567.10 and § 1-567.14," and Plaintiff filed a motion in the superior court, pursuant to N.C. Gen. Stat. § 1-567.12, to confirm the

Modified Award. In an affidavit dated 29 October 1998, Richard E. Proctor (Proctor), one of the arbitrators, stated the Arbitration Award was modified because he had "inserted the wrong formula [when determining the amount due Plaintiff in the Arbitration Award] which did not achieve the intent of the [a]rbitrators."

On 5 November 1998, the trial court entered an order setting aside the Modified Award and confirming the Arbitration Award on the ground the arbitrators did not have the authority to modify the Arbitration Award.

---

The dispositive issue is whether the arbitrators based their determination of funds due to Plaintiff in the Arbitration Award on an "evident miscalculation of figures," pursuant to N.C. Gen. Stat. § 1-567.14(a)(1).

The powers of arbitrators are set forth in the Uniform Arbitration Act, N.C.G.S. ch. 1, art. 45A. This Act provides an arbitrator may, upon the application of a party made within twenty days of the delivery of an arbitration award or upon a court order, modify or correct the award, in pertinent part, for the grounds stated in N.C. Gen. Stat. § 1-567.14(a)(1).[1] N.C.G.S. § 1-567.10 (1999). Section 1-567.14(a)(1) states an award may be modified or corrected where "[t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award." N.C.G.S. § 1-567.14(a)(1) (1999). This Court has defined an "evident miscalculation of figures" as "mathematical errors committed by arbitrators which would be patently clear." *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 413, 255 S.E.2d 414, 419 (1979).

In this case, the Arbitration Award stated Defendants were entitled to an 8.5% return on certain investments used to make capital improvements to the property, and the arbitrators, based on these investments, awarded Plaintiff $80,712.00. Plaintiff then sought a modification of the Arbitration Award on the grounds stated in N.C. Gen. Stat. §§ 1-567.14(a)(1) and 1-567.14(a)(3), essentially arguing the arbitrators used the wrong formula to calculate the award. The arbitrators subsequently issued the Modified Award, stating they had

---

1. The Uniform Arbitration Act also states an arbitrator may modify an award for the grounds stated in N.C. Gen. Stat. § 1-567.14(a)(3) ("award is imperfect in a matter of form, not affecting the merits of the controversy"), or for the purpose of clarifying the award. N.C.G.S. § 1-567.10. Plaintiff does not contend in his brief to this Court that these additional grounds exist for modifying the Arbitration Award, and we, therefore, do not address this issue. N.C.R. App. P. 28(b)(5).

NORTH BLVD. PLAZA v. NORTH BLVD. ASSOCS.

[136 N.C. App. 743 (2000)]

"committed an evident miscalculation of figures." The statement of the arbitrators that they "committed an evident miscalculation of figures," however, is not controlling. The record shows the Arbitration Award was modified because the arbitrators used the wrong formula to calculate the amount due to Plaintiff. Indeed, Proctor's affidavit states he "inserted the wrong formula" when calculating the Arbitration Award. The use of an incorrect formula to determine an award is not an "evident miscalculation of figures." *See Fashion Exhibitors*, 41 N.C. App. at 413, 255 S.E.2d at 419 (use of improper formula by arbitrators is not an "evident miscalculation of figures"); *Cyclone Roofing Co. v. LaFave*, 312 N.C. 224, 235-36, 321 S.E.2d 872, 880 (1984) (erroneous decisions made by arbitrators when calculating award is not an "evident mathematical error[]").[2] The arbitrators, therefore, did not have the authority under section 1-567.10 to modify the Arbitration Award. Accordingly, the trial court properly denied Plaintiff's motion to confirm the Modified Award and granted Defendants' motion to set aside the Modified Award.

Affirmed.

Judge EDMUNDS concurs.

Judge TIMMONS-GOODSON dissents.

Judge TIMMONS-GOODSON dissenting.

This is a case of first impression. At issue is whether arbitrators, on application of a party, have the authority to modify their own award when the arbitrators are satisfied that they employed the wrong mathematical formula to arrive at the award.

Pursuant to North Carolina General Statutes section 1-567.14(a)(1), arbitrators may modify or correct an award where

---

2. The dissent states the teachings of *Gunter* and *Cyclone* are not applicable to modifications to an arbitration award when those modifications are made by an arbitrator and not by the court. We disagree because section 1-567.10, which provides the sole method by which arbitrators may modify an award, states an arbitrator may modify an award, in pertinent part, pursuant to N.C. Gen. Stat. § 1-567.14(a)(1). N.C.G.S. § 1-567.10. Section 1-567.14(a)(1), which also governs modifications made by a court, does not provide an arbitrator with any additional authority to modify an award than the authority provided to a court. *See* N.C.G.S. § 1-567.14(a)(1). The rules from *Gunter* and *Cyclone*, which interpret the meaning of "evident miscalculation of figures" under section 1.567.14(a)(1), are, therefore, equally applicable to modifications made by arbitrators and courts.

NORTH BLVD. PLAZA v. NORTH BLVD. ASSOCS.

[136 N.C. App. 743 (2000)]

"[t]here was an evident miscalculation of figures . . . in the award[.]" N.C. Gen. Stat. § 1-567.14(a)(1) (1996). This Court has held that an "evident miscalculation of figures" occurs only when the arbitrators have committed a mathematical error. *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 413, 255 S.E.2d 414, 419 (1979); *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 236, 321 S.E.2d 872, 880 (1984).

In the present case, plaintiff argues that the arbitrators used the wrong method to calculate the interest allowed to defendants in preparing the Report of Arbitrators. According to plaintiff, the arbitrators erroneously included all interest deductions through the date of arbitration for the year in which the investment was made. Clearly, plaintiff does not argue that the arbitrators merely committed a mathematical error but instead argues that the arbitrators employed the wrong mathematical formula.

However, the line of cases holding that an "evident miscalculation of figures" occurs only when there has been a mathematical error does not control in the case at bar. While previous cases have treated *judicial* review of an award of arbitrators, the present case concerns a modification by the arbitrators of their own award.

The policies underlying *Gunter* and *LaFave Co.* have no bearing on the case at bar. In *Gunter*, this Court held that the trial court may not substitute its interpretation of the evidence for that of the arbitrators, who heard the testimony and reviewed the exhibits. According to *Gunter*, the true intent of the arbitrators should be given effect and reflected in the award because they heard the evidence. The language of *Gunter* makes it clear that it is the reviewing court, and not the arbitrators themselves, whose tendency to modify an award must be checked. "G.S. 1-567.14(a)(1) is not an avenue for *litigants* to persuade *courts* to review the evidence and then reach a different result because it might be interpreted differently." *Gunter*, 41 N.C. App. at 413, 255 S.E.2d at 419 (emphasis added). "[O]nly awards reflecting mathematical errors . . . shall be modified or corrected *by the reviewing courts. Courts* are not to modify or correct matters affecting the merits which reflect the intent of the arbitrators." *Id.* at 414, 255 S.E.2d at 419 (emphasis added). Similarly, in *LaFave Co.*, our Supreme Court held that the trial court properly refrained from revising the decision of the arbitrators in light of the fact that the arbitrators are judges of the parties' choosing. *LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872.

In the present case, a reviewing court did not substitute its will for that of the arbitrators. On the contrary, the arbitrators settled the matter in controversy without judicial intervention by modifying their report once they realized it was in error. The Modification of Report reflected the true intent of the arbitrators who reviewed the evidence. I do not believe that North Carolina General Statutes section 1-567.14 (a)(1) requires arbitrators to refrain from modifying an award which does not reflect their intent and which the arbitrators themselves recognize to be erroneous and unjust.

Another policy underlying the decisions in *Gunter* and *LaFave Co.* is to avoid litigation. According to *Gunter*, the reviewing court may modify an award of arbitrators in limited situations because "[t]he purpose of arbitration is to settle matters in controversy and avoid litigation." *Gunter* at 410, 255 S.E.2d at 417.

In the present case, the parties were not subjected to litigation or any lengthy, costly review. The arbitrators, on motion of a party, issued a Modification of Report, thereby settling the matter in controversy without intervention from a reviewing court. I would conclude that this Court's interpretation in *Gunter* of the statutory language "evident miscalculation of figures" is not applicable in the case at bar.

Unlike the majority, I believe that North Carolina General Statutes section 1-567.14(a)(1) permits arbitrators to modify their own award on motion of a party when the arbitrators acknowledge that they employed the wrong mathematical formula to arrive at the award. Where the wrong mathematical formula is employed, and the arbitrators modify the award so as to reflect their true intent, the trial court commits reversible error in refusing to confirm the modification of report. I would hold that the arbitrators in the present case made an "evident miscalculation of figures" within the meaning of North Carolina General Statutes section 1-567.14(a)(1), because to hold otherwise would nullify the intent of the parties to have the arbitrators decide the case.