SWETNAM DESIGN CONSTRUCTION, INC., Appellant,

v.

Barbara SAURER, and Charles B. White, Appellees.

No. 2010–CA–002267–MR.

Court of Appeals of Kentucky.

Oct. 12, 2012.

Gerald L. Stovall, Brian A. Veeneman, Louisville, KY, for Appellant.

Dennis J. Stilger, Louisville, KY, for Appellees.

Before CAPERTON, DIXON, and STUMBO, Judges.

## OPINION

CAPERTON, Judge:

Swetnam Design Construction, Inc. (hereinafter "Swetnam") appeals from the trial court's order and judgment of November 23, 2010, whereby the court confirmed the modification to arbitrator's award dated August 6, 2010. On appeal, Swetnam argues that there was no ground for modification of the original arbitration award and, thus, the trial court's confirmation of the modification of arbitrator's award was in error. After a thorough review of the parties' arguments, the record, and the applicable law, we agree with Swetnam that there was not a ground for modification of the original arbitrator's award and, thus, the arbitrator exceeded his powers in so modifying the award. Accordingly, we reverse the trial court's confirmation of the modification of the award and remand this matter to the trial court with instructions to vacate the order modifying.

Swetnam was hired by Saurer to renovate residential rental property located in Louisville, Kentucky. Soon after Swetnam began work, Saurer began adding to the scope of the original agreement, resulting in additional costs and time to complete the work. As Swetnam neared completion of the project, Saurer began complaining about the cost and time it was taking for the work to be performed. Saurer ceased paying Swetnam. Swetnam filed a mechanic's and materialman's lien and subsequently filed suit in Jefferson Circuit Court against Saurer for breach of contract and to foreclose on the lien. The parties agreed to arbitrate their dispute.

An arbitration hearing was held on July 2, 2010, at which both parties presented witnesses and documentary evidence. After considering the evidence presented, the arbitrator entered an award, dated July 16, 2010, in favor of Swetnam in the amount of $27,078.40 [1] as follows:

| | |
|---|---|
| Balance due for work performed | $20,837.00 |
| Contractor fee on extra work | 4,167.40 |
| Costs and expenses, not including attorneys' fees | 1,386.76 |
| Additional design fees | 687.00 |
| Total | $27,078.40 |

Respondent [Saurer] is awarded nothing on her counterclaim.

Thereafter, on August 6, 2010, the arbitrator entered a modification of arbitrator's award:

> The Arbitrator has received Respondent's [Saurer] Motion to Reconsider the Award entered on July 16, 2010, and Claimant's [Swetnam] Objection to Respondent's Motion. Upon review of the Award, the Arbitrator concludes that the Award was improperly determined. This modification

---

1. The arbitrator noted that the costs of the work were unreasonably high.

is made to correct the Arbitrator's error, and is not based on new consideration of the evidence and testimony. The Award is modified as follows:

| | |
|---|---:|
| Claimant's claim for the unpaid portion of Billing # 4. | $16,107.19 |
| Billing # 3 (which was paid) included $3,400.00 for additional tile areas and $6,000.00 for wallpaper removal, repair ceiling and walls. Those charges are reduced by $900.00 and $3,000.00, respectively, and Respondent is entitled to a corresponding credit. | 3,900.00 |
| Amount due for work performed | $12,207.19 |
| Contractor fee on extra work | 4,167.40 |
| Claimant's costs and expenses, not including attorneys' fees | 1,386.76 |
| Claimant's Additional Design Fees | 687.24 |
| Total | $18,448.59 |

Respondent is awarded nothing on her counterclaim.

On November 23, 2010, the circuit court entered an order confirming the modification to arbitrator's award, dated August 6, 2010. It is from this order that Swetnam appeals.

■ On appeal, Swetnam argues that there was no ground for modification of the original arbitration award and, thus, the trial court's confirmation of the modification of arbitrator's award was in error. Saurer argues that there are no grounds to vacate the arbitrator's modified award. With these arguments in mind, we turn to our applicable jurisprudence.

■ As a general rule, "an arbitrator's award is not reviewable by a court." *Taylor v. Fitz Coal Co., Inc.*, 618 S.W.2d 432, 432 (Ky.1981) (internal citations omitted). This is attributable to the fact that "settlement of disputes by arbitration is favored in the law of this Commonwealth." *Lombardo v. Investment Management and Research, Inc.*, 885 S.W.2d 320, 322 (Ky.App.1994) (internal citations omitted). "Generally, much judicial latitude and deference are accorded to an arbitration decision. It will not be disturbed by the courts merely because it was unjust, inadequate, excessive or contrary to law." *Id.* (internal quotations and citation omitted). "Without a transcript of the arbitration proceedings, the court was required to assume that the evidence supported the arbi-

trator's decision." *Conagra Poultry Co. v. Grissom Transp., Inc.*, 186 S.W.3d 243, 245 (Ky.App.2006), citing *Dillard v. Dillard*, 859 S.W.2d 134, 137 (Ky.App.1993).

■ Moreover, the sufficiency of the evidence supporting an arbitration award is specifically nonreviewable. *Taylor*, 618 S.W.2d at 432 (internal citations omitted). "This is so because when a court examines the evidence and imposes its view of the case it substitutes the decision of another tribunal for the arbitration upon which the parties have agreed and, in effect, sets aside their contract." *Id.* at 433 (internal citation omitted).

With this said, the Kentucky Uniform Arbitration Act (hereinafter "KUAA"), and specifically Kentucky Revised Statutes (KRS) 417.160, provides that a court may vacate an arbitration award pursuant to five specific grounds:

(1) Upon application of a party, the court shall vacate an award where:

(a) The award was procured by corruption, fraud or other undue means;

(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(c) The arbitrators exceeded their powers;

(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of KRS 417.090, as to prejudice substantially the rights of a party; or

(e) There was no arbitration agreement and the issue was not adversely determined in proceedings under KRS 417.060 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court is not ground for vacating or refusing to confirm the award.

KRS 417.160(1)(a)–(e).

■ With respect to all arbitration agreements entered into after the effective date of the KUAA (July 13, 1984), a court may only set aside an arbitration award pursuant to those grounds set forth in KRS 417.160. *3D Enterprises Contracting Corp. v. Lexington–Fayette Urban County Government,* 134 S.W.3d 558, 562–63 (Ky. 2004).

An arbitrator is similarly bound by statute in modifying an award. KRS 417.130 states:

On application of a party to the arbitrators or, if an application to the court is pending under KRS 417.150, 417.160 or 417.170, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in paragraphs (a) and (b) of subsection (1) of KRS 417.170, or for the purpose of clarifying the award. The application shall be made within twenty (20) days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within ten (10) days from the notice. The award so modified or corrected is subject to the provisions of KRS 417.150, 417.160 and 417.170.

KRS 417.130.

As referenced in KRS 417.130, KRS 417.170 sets forth the grounds for a court to modify an arbitrator's award:

(1) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

*(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;*

*(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted. . . .*

KRS 417.170(1)(a)–(b) (emphasis added).

Thus, if an award is to be changed, both the arbitrator and the court are restricted to doing so only in situations where there has been an evident miscalculation of figures, an evident mistake in the description of a person, thing, or property, or if the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted. KRS 417.170 and 417.130. *Sub judice,* we cannot discern where any of the aforementioned criteria would permit the arbitrator to modify his original award.[2] While the

---

**2.** We do not believe that there was an evident miscalculation of figures in the original

arbitrator determined that the original award was "improperly determined" such is not a permitted reason to modify the award per statute; by the arbitrator exceeding the enumerated statutory powers, the trial court erred in so confirming the modification of the original award. Moreover, while the arbitrator stated that no new evidence was considered, we believe that the modification was one that could only have been made by a reconsideration of the evidence. This is not allowed. As such, we must reverse the trial court's order confirming the modification of the arbitrator's award of August 6, 2010, and remand this matter to the trial court with instructions to reinstate the award of July 16, 2010. The trial court and the arbitrator may then consider any statutory factors properly brought before them by the parties for modification of the arbitrator's award of July 16, 2010.

In light of the foregoing, we reverse and remand this matter for further proceedings consistent with this opinion.

ALL CONCUR.

award. Our sister courts have interpreted "evident miscalculation of figures" as requiring "mathematical errors committed by arbitrators which would be patently clear." *North Blvd. Plaza v. North Blvd. Associates*, 136 N.C.App. 743, 746, 526 S.E.2d 203, 205 (N.C.Ct.App.2000) (internal citations omitted). *See also Severtson v. Williams Construction Co.*, 173 Cal.App.3d 86, 94, 220 Cal.Rptr. 400, 405 (Cal.Ct.App.1985), where the court stated:

The miscalculation, to be evident, must appear *on the face* of the award (*see DeMello v. Souza* (1973) 36 Cal.App.3d 79, 86, [111 Cal. Rptr. 274] ) [and *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir.1998)] or be so readily apparent from the documentation in the case that explanation by proofs is not necessary. The fact the arbitrator rejected a portion of the Bartels proposal due to a mistake of fact is not a ground for correction. The arbitrator, like the court, cannot "correct" mistakes of fact, such being not a ground for correction specified in the statutes.