The TAI PING INSURANCE CO., LTD.,
et al., Plaintiffs-Appellees,

v.

M/V WARSCHAU, et al., Defendants.

Alfred C. TOEPFER,
Defendant-Appellant,

v.

CANADIAN TRANSPORT COMPANY, A DIVISION OF MACMILLAN BLOE-DEL, LTD., a corporation, Defendant-Appellee.

No. 83–3108.

United States Court of Appeals,
Fifth Circuit.

April 26, 1984.

James R. Holmes, Harvey G. Gleason, New Orleans, La., for defendant-appellant.

James Hanemann, Franklin G. Shaw, New Orleans, La., for Tai Ping.

James R. Sutterfield, Donald A. Hoffman, New Orleans, La., for M/G Transport.

R. Glenn Bauer, Phelps, Dunbar, Marks, Claverie & Sims, George J. Fowler, III, New Orleans, La., for Canadian Transport.

F.A. Courtenay, Jr., Theodore W. Brin, New Orleans, La., for S.G.S. Control.

William E. O'Neil, Marcia L. Culley, New Orleans, La., for Cravat Coal.

Before RUBIN and RANDALL, Circuit Judges, and SEAR *, District Judge.

RANDALL, Circuit Judge:

The issue raised by this appeal is whether the district court abused its discretion in staying the London arbitration of a dispute between two of the defendants pending the outcome of the federal court litigation between all parties. Because we find that the district court abused its discretion, we vacate the stay of arbitration. Also before us is the appellant's motion to strike the brief of appellee Tai Ping, which was carried with the case and which we deny.

*I. Factual and Procedural Background.*

In 1975, defendant-appellant Kommanditgesellschaft Alfred C. Toepfer Schiffahrtsgesellschaft m.b.H. and Lumber Carriers ("Toepfer") time-chartered the M/V WARSCHAU to defendant-appellee Canadian Transport Company, Ltd. ("Canadian"). The charter provided, *inter alia:*

---

* District Judge for the Eastern District of Louisiana, sitting by designation.

That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons in London one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men experienced in Shipping.

In 1981, Canadian voyage-chartered the M/V WARSCHAU to the Asia Cement Corporation for the carriage of a cargo of coal from New Orleans to Taiwan. The vessel set forth from New Orleans with the cargo. En route, the coal began spontaneously to heat and had to be off-loaded in Long Beach, California.

Asia Cement and its insurer, Tai Ping, filed suit in federal court against Canadian, Toepfer, and numerous other parties, claiming $720,000 in damages. Canadian filed a third-party complaint and cross-claim against Toepfer, seeking indemnity should Canadian be found liable to Asia Cement. Toepfer moved for a stay of the third-party complaint and cross-claim pending their arbitration in London pursuant to the arbitration clause in the time charter between Canadian and Toepfer.[1] Canadian, Asia Cement, and Tai Ping opposed the motion.

After a hearing, the district court granted Toepfer's motion to stay litigation of the third-party complaint and cross-claim pending arbitration. *Tai Ping Ins. Co. v. Vessel M/V WARSCHAU*, 556 F.Supp. 187 (E.D.La.1983). The court also ordered, however, that the arbitration be stayed pending the outcome of the main litigation in federal court. It is this latter order that forms the basis for this appeal.

## II. Jurisdiction.

■ As an initial matter we note the appealability of the district court's order staying the arbitration. In *Texaco, Inc. v.*

*American Trading Transp. Co.*, 644 F.2d 1152, 1154 (5th Cir.1981), we held:

[A]n order granting a stay of arbitration pending outcome of litigation is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1).

*See also City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525 (5th Cir. 1983).

## III. The Stay of Arbitration.

In staying the arbitration between Canadian and Toepfer, the district court invoked the "inherent equitable power of a federal court to control its docket." 556 F.Supp. at 190. It went on to hold:

In this case, justice is best served by proceeding first with the main action, since the resolution of plaintiff's claims will determine whether there is any liability at all to plaintiff, and, if there is any such liability, will undoubtedly reach factual conclusions about the nature of and relative responsibility for any such liability. Specifically, the trial of the main action should resolve many of the contested issues of fact about what precisely happened to the coal and thus who was responsible.

After such factual resolution, arbitration of the claims between Canadian Transport and Toepfer under the time charter would proceed more justly and expeditiously, particularly in that the possibility of inconsistent fact-finding between the arbiter and the court would be prevented.

*Id.*

■ Toepfer contends that the stay of arbitration contravened the language and intent of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982). Section 3 of the Act provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

---

**1.** Toepfer filed a "Points of Claim" form for arbitration in London, seeking $1,359,095.25 reimbursement from Canadian for the cost of off-loading the cargo, repairing the vessel, and related expenses.

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

There is no provision in the Act for a stay of arbitration. Nonetheless, the case law clearly establishes that, in the appropriate circumstances, such an order is within the power of the district court. *See, e.g., Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); *cf. Texaco v. American Trading, supra* (stay of arbitration affirmed where dispute not covered by arbitration clause). We view the issue presented, therefore, as being whether the district court properly invoked its power in this case.

Our analysis proceeds from the Supreme Court's recent decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). There, the Court reiterated the strong pro-arbitration policy embodied in the Arbitration Act:

> Congress's clear intent, in the Arbitration Act, [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.

103 S.Ct. at 940. In *Moses Cone*, the party seeking arbitration filed a motion to compel arbitration. *See* 9 U.S.C. § 4 (1982). Because the other party had filed a state declaratory judgment action, the district court stayed the federal action pending resolution of the state suit. The Supreme Court held that the district court had abused its discretion because there had

been no showing of exceptional circumstances justifying the stay. 103 S.Ct. at 942.

■ We recognize that *Moses Cone* dealt with the relinquishment of its jurisdiction by a federal court, and the case before us presents a federal court's refusal to relinquish jurisdiction.[2] Nonetheless, we think that the policy so clearly stated in *Moses Cone* is applicable to this case. The Court's essential concern in *Moses Cone* was not that the parties be afforded a federal forum for the resolution of their underlying dispute; rather, the Court's unmistakable intent was to clarify the federal court's narrowly circumscribed authority in a case involving an arbitrable dispute. Because it was unclear in *Moses Cone* whether the state court was obliged to grant a motion seeking to compel arbitration under section 4, and the federal court was so obliged, staying the federal action contravened the intent of the Arbitration Act to the extent that it delayed the parties along the path to arbitration. 103 S.Ct. at 942–43. *See also Southland Corp. v. Keating*, — U.S. ——, 104 S.Ct. 852, 859–60, 79 L.Ed.2d 1 (1984) (" '[T]he purpose of the act was to assure those who desired arbitration and whose contracts related to interstate commerce that their expectations would not be undermined by federal judges ....' ") (quoting *Metro Industrial Painting Corp. v. Terminal Construction Corp.*, 287 F.2d 382, 387 (2d Cir.1961) (Lumbard, C.J., concurring)).

We are aware that this court has sanctioned a stay of arbitration pending the outcome of a related litigation. *See Petroleum Helicopters, Inc. v. Boeing-Vertol Co.*, 478 F.Supp. 84 (E.D.La.), *aff'd per curiam on basis of opinion below*, 606 F.2d 114 (5th Cir.1979). In light of *Moses Cone*, however, we have more recently reversed an injunction of arbitration pending litigation as an abuse of the district court's discretion. *See City of Meridian v. Alger-*

---

**2.** We note that the court properly granted Toepfer's section 3 motion for a stay of litigation of the cross-claim pending its arbitration. However, because the court's simultaneous order staying arbitration effectively took away with one hand what had been given with the other, we view the court's action as tantamount to refusing to relinquish jurisdiction.

*non Blair, supra* (because swift and less costly dispute resolution underlies agreement to arbitrate, injunctions staying arbitration are viewed with disfavor).

Although we think that *Moses Cone* casts substantial doubt on the correctness of our determination in *Petroleum Helicopters*, upon which the district court relied in granting the stay of arbitration, we also find it distinguishable from the case before us. In *Petroleum Helicopters*, the plaintiff sued the manufacturers and the distributor of the plaintiff's helicopter, which had crashed. The distributor cross-claimed against the manufacturers for indemnity or contribution. The manufacturers moved to stay litigation of the cross-claim pending its arbitration pursuant to an arbitration clause in the contract between the manufacturers and the distributor. The district court granted the stay, but went on to stay arbitration of the cross-claim pending litigation of the main action, holding that a determination on the issue of indemnity would be "premature" considering that the main action would determine whether *any* of the defendants were liable to the plaintiff. 478 F.Supp. at 86. The court was particularly concerned with the possibility of inconsistent fact-finding between the arbitrator and the court:

> [I]n deciding the issue of liability *vel non* to the plaintiff, the court will reach factual conclusions about whether a manufacturing defect existed and what the nature of any defect was. It seems likely that an arbiter would have to decide these issues before reaching a conclusion on [the distributor's] claim for indemnity or contribution from [the manufacturers].

**3.** At oral argument, Toepfer asserted that permitting arbitration to proceed would in fact promote judicial efficiency in the litigation of the main action, since the arbitrator's determination as to the issue of indemnity between Canadian and Toepfer would, essentially, establish which one of them may ultimately be liable to the plaintiffs. To the extent that such liability is eventually assessed, we find this argument persuasive.

*Id.* In these circumstances, the court held that a stay of arbitration was within its power.

 In the case before us, by contrast, Toepfer seeks arbitration not only of Canadian's cross-claim, but also of Toepfer's claim against Canadian for the $1.35 million cost of off-loading the coal in Long Beach, California. The latter claim has not been asserted in the main litigation and the district court's section 3 order staying litigation of the cross-claim between Canadian and Toepfer precludes it from being raised there. While Canadian asserts that permitting the claim for indemnity to go foward in arbitration will produce "duplication of effort, redundant testimony, and the possibility of inconsistent findings," we think that these are the risks that parties to an arbitration clause must be considered to have contemplated at the time they struck their bargain. As the Supreme Court noted, in the analogous context of the enforceability of forum selection clauses:

> The choice of that forum was made in an arm's length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts.

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). To the extent that the arbitration determines issues that are common to the litigation, any conflicting determination by the court that affects Canadian and Toepfer must yield to the arbitrator's findings insofar as it affects them.[3] There is no indication that any conflicting results would adversely affect any of the other parties to the litigation.[4]

**4.** Tai Ping submitted a brief asserting that the district court's stay of arbitration was proper, and that permitting the arbitration to proceed would be duplicative. Tai Ping does not contend, nor does it appear, that any parties to the main litigation would be harmed were arbitration to go forward. Because the arbitration will not determine the fundamental issue whether *any* defendant is liable to the plaintiffs, but rather will address whether Canadian must indemnify Toepfer, or vice versa, if any liability is found by the district court, we think it is clear

■ To the extent that Canadian relies on premises of economy of effort, moreover, *Moses Cone* indicates that this reliance is misplaced. There, one of the parties to the arbitration clause sought indemnity from a third party who was not covered by an arbitration clause. The party seeking to avoid arbitration argued that it was duplicative and inconvenient to force it to resolve these related disputes in different forums. The Court disagreed, holding:

> That misfortune ... occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.

103 S.Ct. at 939 (emphasis in original).

### IV. *Intertwining.*

■ Canadian also argues that the doctrine of intertwining is applicable to this case and that its application supports the stay of arbitration. This argument rests on a fundamental misapprehension of the intertwining doctrine, which is triggered when a party asserts several causes of action, at least one of which falls within the exclusive jurisdiction of the federal courts. In such a case, notwithstanding the existence of an arbitration clause, the entire dispute must remain in federal court to avoid encroachment by the arbitrator into an area that Congress has deemed to be within the federal courts' exclusive jurisdiction. *See Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *Smoky Greenhaw Cotton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 720 F.2d 1446 (5th Cir.1983); *Miley v. Oppenheimer & Co.,* 637 F.2d 318 (5th Cir.1981); *Sibley v. Tandy Corp., supra.* Thus, the areas to which the doctrine applies are, in effect, inherently non-arbitrable. Because it constitutes an exception to the broad pro-arbitration policy embodied in the Arbitration Act, however, the intertwining doctrine is strictly limited to those areas, such as the federal securities and antitrust laws, for which Congress has provided that such an exception is appropriate. The case before us does not involve any such inherently non-arbitrable issues. Rather, that the dispute between Canadian and Toepfer is arbitrable is undisputed.

### V. *Conclusion.*

■ In light of the foregoing, we hold that in the circumstances of this case, the district court abused its discretion in staying arbitration of the dispute between Toepfer and Canadian. *Moses Cone* makes it clear that only the most exceptional circumstances will justify any action on the part of a federal court that serves to impede arbitration of an arbitrable dispute. Duplication of effort does not constitute such a circumstance; nor does piecemeal resolution of the dispute. In this case, while the district court stated that the main litigation would "reach factual conclusions about the nature of and relative responsibility for" any liability to the plaintiffs, the existence of a valid arbitration clause between Canadian and Toepfer mandates that, as between *them,* such "relative responsibility" is for the arbitrator to decide. With regard to this issue, a stay of arbitration is neither just nor expeditious. Because it is undisputed that there is a valid arbitration clause between Canadian and Toepfer, the issues that are subject to arbitration are not properly before the federal court, and their resolution by arbitration should not be delayed further.

Our disposition of this issue renders it unnecessary for us to address the parties' arguments with regard to whether the stay of arbitration constituted an injunction subject to the requirements of Federal Rule of Civil Procedure 65.

Toepfer's motion to strike Tai Ping's brief is DENIED, the order staying arbitration is VACATED, and the case remanded

that the only inconvenience occasioned by permitting the arbitration to proceed will be visited upon the parties to the arbitration clause. As to them, any inconvenience or duplication of effort is a consequence of having agreed to arbitrate.

for proceedings consistent with this opinion.