United States Court of Appeals,

Fifth Circuit.

No. 91–7391

Summary Calendar.

Herbert C. TAYS and Evelyn Nadean Tays, Plaintiffs–Appellees,

v.

COVENANT LIFE INSURANCE COMPANY, Defendant–Appellant.

July 1, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, EMILIO M. GARZA and DeMOSS, Circuit Judges.

PER CURIAM:

Covenant Life Insurance Company appeals the district court's denial of its motion to compel arbitration under the rules of the National Association of Securities Dealers (NASD). Since NASD rules do not extend to Covenant, we agree with the district court that arbitration is not required here.

## I. BACKGROUND

Herbert and Evelyn Tays sued Covenant, their former employer, alleging employment discrimination based on age and sex. Covenant moved to compel arbitration, alleging that Herbert Tays was bound by the NASD rules and by-laws to submit this dispute to arbitration. The district court denied Covenant's motion, and Covenant appealed the ruling.

While employed by Covenant, Herbert Tays had submitted a Uniform Application for Securities Registration or Transfer (U–4), in which he agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register[.]" Covenant argued that the by-laws and arbitration code of NASD required Tays to submit this case to arbitration, since both Tays and Covenant were "person[s] associated with a

member."  The district court held that the definition of "person associated with a member" under the NASD by-laws did not include a corporation such as Covenant, and therefore held that this dispute was not subject to arbitration under NASD rules and by-laws.

## II. STANDARD OF REVIEW

We review de novo the district court's decision not to compel arbitration.  *Catholic Diocese of Brownsville v. A.G. Edwards & Sons, Inc.,* 919 F.2d 1054, 1056 (5th Cir.1990);  *United Offshore Co. v. Southern Deepwater Pipeline Co.,* 899 F.2d 405, 407 (5th Cir.1990).  We have jurisdiction over this appeal pursuant to 9 U.S.C. § 16(a).  *United Offshore,* 899 F.2d at 407.

## III. ANALYSIS

At the outset, we set forth the relevant provisions of the NASD by-laws and arbitration code. NASD Code of Arbitration Procedure, Sec. 1, provides for:

> the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company:  (1) between or among members;  (2) between or among members and public customers, or others;  and (3) between or among members, registered clearing agencies with which the Association has entered into an agreement to utilize the Association's arbitration procedures, and participants, pledgees or other persons using the facilities of a registered clearing agency, as these terms are defined under the rules of such a registered clearing agency.

Sec. 8(a) of the Code provides that:

> Any dispute, claim or controversy eligible for submission under Part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connections with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:  (1) a member against another member;  (2) a member against a person associated with a member or a person associated with a member against a member;  and, (3) a person associated with a member against a person associated with a member.

The by-laws of NASD, in Art. I(m), define "person associated with a member" or "associated person of a member" as:

every sole proprietor, partner, officer, director, or branch manager of any member, or any natural person occupying a similar status or performing similar functions, or any natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by such member, whether or not any such person is registered or exempt from registration with [NASD] pursuant to these By–Laws[.]

Covenant contends that it is an associated person because its subsidiary, Covenant Securities, is a member firm, making Covenant the sole proprietor of a member. Covenant also contends that Herbert Tays was an associated person of Covenant Securities because he registered through Covenant Securities (then known as H.G. Kuch & Co.) on his U–4, making him a "natural person engaged in the ... securities business who is directly or indirectly ... controlled by such member[.]"[1]

Tays argues that this case does not come within the by-laws and arbitration code of NASD for three reasons. First, Tays contends that the NASD definition of an associated person includes only natural persons, not corporations. This is the ground on which the district court based its decision. Second, Tays argues that Sec. 8(a) explicitly limits the eligible disputes to those listed in Sec. 1, and that Sec. 1 does not include disputes between associated persons. Finally, Tays contends that, since Covenant is a life insurance company, the exclusion in Sec. 1 applies.

No court has decided the question whether a corporation can be an NASD associated person, but at least one seems to have assumed that it cannot. *Fleck v. E.F. Hutton Group, Inc.,* 891 F.2d 1047, 1054 n. 4 (2d Cir.1989). In *Fleck,* the Second Circuit noted that "[t]here is debate over whether a corporate entity can be a person under this section [Sec. 8(a) ]." *Id.* The court interpreted the NASD by-laws as including only natural persons, comparing it with the statutory definition of associated person in the Securities Exchange Act of 1934.[2] 15 U.S.C. § 78c(a)(21). Although the Second Circuit decided *Fleck* on other grounds, it is significant that the court interpreted the NASD definition of associated person to exclude corporate entities such as Covenant.

___

[1]Tays does not dispute that he is an associated person.

[2]Hutton argued there that the statutory definition should control; it did not argue that the NASD by-laws themselves included corporations as associated persons. Here, by contrast, Covenant urges us to interpret the by-laws themselves as encompassing the parent corporation.

Read in its entirety, the definition of associated person in the NASD by-laws seems calculated to exclude corporate entities such as Covenant. Every use of the word "person" in the definition is preceded and qualified by the word "natural" (except for the final instance, which accomplishes the same effect by the modifier "such"). Covenant argues that, because the definition does not explicitly limit "sole proprietor, partner, officer, director, or branch manager" to natural persons, those terms necessarily include corporate or other entities, as well.

Such an interpretation, however, ignores the fact that those terms are followed by the clause, "or any natural person occupying a similar status or performing similar functions[.]" Reading the section as a whole demonstrates its focus on natural persons. The terms Covenant refers to make sense in context only when interpreted as referring to individuals. This sense is reinforced when the definition is compared with the statutory definition contained in the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(21). The changes from the statute to the NASD by-laws suggest a desire to limit the NASD definition to natural persons.

We agree with the district court that NASD rules and by-laws do not require arbitration in this case because Covenant is not an associated person within the meaning set forth in the NASD by-laws. We decline to reach the other two arguments advanced by the Tayses to support the district court's decision. Although Covenant argued before the district court and this court that the rules of the Midwest Stock Exchange (MSE) also compel arbitration, it has not demonstrated that this dispute comes within the terms of the MSE rules. Even assuming that Tays constitutes an associated person under MSE rules, Covenant has not contended that this dispute arose "in connection with the business of such ... associated person in connection with his activities as an associated person...." MSE Rule 24, Sec. 1(a). Covenant has not demonstrated that it is entitled to an order compelling arbitration.

## IV. CONCLUSION

We AFFIRM the district court's decision denying Covenant's motion to compel arbitration.