TEXAS PRIVATE EMPLOYMENT AS-SOCIATION d/b/a Texas Association of Personnel Consultants, Appellant,

v.

LYN–JAY INTERNATIONAL, INC., Lyn–Jay International Placement Service, Inc. and William J. Sonne, Appellees.

No. 01–94–00552–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 1994.

Opinion Overruling Motion for Rehearing Dec. 15, 1994.

John M. Zukowski, Pascal Paul Piazza, Houston, for appellant.

Sam E. Rowland, Bryan, for appellees.

Before HEDGES, WILSON and COHEN, JJ.

## OPINION

HEDGES, Justice.

Appellant Texas Private Employment Association d/b/a Texas Association of Personnel Consultants and its officers and Board of Directors (collectively "TAPC"), appeal an interlocutory order denying its motion to compel arbitration. We affirm.

### Facts

TAPC is a Texas nonprofit corporation whose membership is composed of personnel consulting firms. Membership in TAPC is entirely voluntary. Its purposes include the promotion and encouragement of high standards, efficiency, conduct, and ethics in the personnel consulting industry by means of study, discussion, and education regarding business activities and responsibilities. Appellees, Lyn–Jay International, Inc., and Lyn–Jay International Placement Services, Inc. ("Lyn–Jay") compose a personnel consulting firm whose president and chief executive officer is appellee William J. Sonne ("Sonne").

Members of TAPC are personnel consulting firms rather than individuals, although an individual employee is designated by the firm as the "voting member." Only representatives of active member firms are eligible to vote or hold elective office. A voting member of an active member firm in good standing is eligible for nomination and election to an elective office of TAPC as long as he or she has been employed full-time by the member firm for at least one year. Elected officers serve concurrently as members of the board of directors. The board of directors is the governing body of TAPC. The board supervises, controls, and directs the affairs of TAPC.

Members of TAPC are required to arbitrate "any controversy ... arising between any two or more members of the association." This agreement by the members to arbitrate disputes is irrevocable.

The corporate appellees were members in good standing of TAPC until December 2, 1991. As such, they participated in TAPC's annual awards program. Sonne, as the voting member of Lyn–Jay, received the annual "top producer" award four times between 1986 and 1990.

Appellees allege that on March 12, 1991, they were informed that TAPC had rescinded the awards Sonne had received in 1989 and 1990. This action was taken because TAPC had determined that Lyn–Jay's financial returns for those years had been overstated. TAPC demanded that appellees return all award plaques for those years and refrain from making reference to TAPC awards for 1989 and 1990 in any advertising. Additionally, TAPC denied Sonne nor any employee of Lyn–Jay the right to participate in the TAPC awards program for 1991, 1992, or 1993.

In January 1994, appellees sued TAPC, its officers, and its board of directors, and severally, alleging that they were biased against appellees, they had conspired: (1) to arbitrarily and capriciously revoke appellees' awards; and (2) to deny appellees' right to participate in future awards programs. As a result, appellees alleged, their civil and due process rights had been violated.

In conjunction with its answer, TAPC filed a motion to compel arbitration based on the arbitration provision in TAPC's bylaws. This appeal arises from the trial court's denial of that motion.

The federal courts have consistently held that the standard of review for a decision not to compel arbitration is *de novo*. *Tays v. Covenant Life Ins. Co.*, 964 F.2d 501, 502 (5th Cir.1992). This case requires review of the arbitration provision without resort to extrinsic evidence. The standard of review is, therefore, *de novo* because only a question of law is involved. *Luckie v. Smith Barney, Harris Upham & Co.*, 999 F.2d 509, 512 (11th Cir.1993).

 Texas law favors arbitration. *Brazoria County v. Knutson*, 142 Tex. 172, 176 S.W.2d 740, 743 (1943); *Wetzel v. Sullivan, King & Sabom, P.C.*, 745 S.W.2d 78, 81 (Tex. App.—Houston [1st Dist.] 1988, no writ). Doubts regarding the scope of an arbitration agreement are resolved in favor of arbitration. *Merrill Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 879 (Tex. App.—Waco 1992, writ denied). When deciding a motion to compel arbitration, a court must determine whether there was an agreement to arbitrate and, if so, whether the dispute falls within the scope of the agreement. *Merrill Lynch, Pierce, Fenner & Smith v. Longoria*, 783 S.W.2d 229, 230 (Tex. App.—Corpus Christi 1989, no writ).

 In this case, we must decide whether there is an arbitration agreement between the parties to this suit. Lyn–Jay argues that because TAPC is not a *member* of itself, the arbitration agreement, which requires arbitration of disputes between *members,* does not apply to a dispute between TAPC as the parent association and Lyn–Jay as a member of the association.

We agree with Lyn–Jay's interpretation of the arbitration provision. Its plain language dictates such a reading. Further, the permissive authorization given the board of directors in the bylaws provision to "provide procedures, arbitrators and facilities for arbitration and to collect fees from the parties to the arbitration to pay for expenses incurred" lends credence to Lyn–Jay's position that the bylaws do not contemplate the arbitration of a dispute between TAPC and one of the members. Otherwise, TAPC would be in the position of both arbitrator and aggrieved party.

It is regrettable that the bylaws do not allow TAPC to require arbitration. This method of dispute resolution promotes prompt resolution of disputes in an efficient and cost-effective manner. It is clearly in the public's best interest to foster the financial well being of non-profit corporations, whose very existence depends on the implementation of society's loftier goals. The legislature has promoted arbitration between members of non-profit corporations in TEX. REV.CIV.STAT.ANN. art. 238–20, § 2A (Vernon Supp.1994). We believe that a similar statute should encourage arbitration of disputes between non-profit corporations and their members.

We overrule TAPC's point of error.

We affirm the judgment of the trial court.

COHEN, J., not participating.

WILSON, J., concurs in the result without opinion.

### OPINION ON REHEARING

Appellant, Texas Private Employment Association d/b/a Texas Association of Personnel Consultants ("TAPC"), has filed a motion for rehearing in which it requests that we withdraw our opinion affirming the judgment of the trial court and reverse its judgment instead. We decline to do so.

 Appellant cites *Sedco v. Petroleos Oil Co.*, 767 F.2d 1140, 1145 (5th Cir.1985) for the proposition that

[W]hen confronted with arbitration agreements, we presume that arbitration should not be denied unless it can be said with positive assurance that an arbitration

clause is not susceptible of an interpretation *which would cover the dispute at issue.* (emphasis added)

Appellant argues that because the arbitration agreement covers the disputed issue, our affirmance of the trial court's refusal to require arbitration is in error. We disagree with this analysis. Assuming that the dispute falls within the scope of the agreement, arbitration is still not required because TAPC is not a *party* to the agreement.

■ Appellant also argues that because individual members of the organization are parties to the agreement, the entire dispute among all parties, including TAPC, should be decided by arbitration. Appellant appears to rely on *Sedco, Id.* at 1148:

Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute, but not to the arbitration agreement. *Tai Ping Insurance Co. v. M/V WARSCHAU,* 731 F.2d 1141, 1146 (5th Cir.1984).

Appellant's reliance on this language to justify its position is misplaced. In *Tai Ping,* the trial court stayed arbitration between two parties to a multi-party lawsuit, on the grounds that arbitration would duplicate adjudication of the issues that would later be decided in the lawsuit. The appellate court reversed the stay order, holding that duplication of effort was insufficient as an excuse to obviate an arbitration agreement. There was never a suggestion that anyone not a party to the arbitration agreement be forced to arbitrate simply because of commonality of the dispute.

We overrule appellant's motion for rehearing.