OPINION ON MOTION FOR REHEARING
 

 TAFT, Justice.
 

 Appellee MG Intrastate Gas Corp. (MG) has filed a motion for rehearing. We grant the part of the motion for rehearing that seeks removal of this Court’s stay of the trial court proceedings and deny the portion of the motion for rehearing that seeks to have this Court affirm the trial court’s decision that the claims in the underlying lawsuit are not arbitrable.
 

 This appeal involves the propriety of a trial court’s interlocutory order denying a motion to stay litigation and compel arbitration
 
 [1]
 
 of a dispute between a gas shipper, plaintiff-ap-pellee MG, and a gas transporter, defendant-appellant Amoco Gas Company (Amoco).
 

 Background
 

 On May 14, 1993, MG and Amoco entered into a lengthy, 17-article intrastate transportation agreement containing many terms. The agreement’s various terms were subsidiary, however, to the primary obligations of the two parties: (1) Amoco’s obligation to provide transportation services to move MG’s gas and (2) MG’s obligation to pay Amoco for those transportation services. At the end of the agreement, in the seventeenth article, entitled “Miscellaneous,” the agreement contains an arbitration provision that states: “Any controversy or claim relating to quantities of natural gas or to payments under this Agreement (‘arbitrable dispute’) shall be settled by arbitration....”
 

 It is undisputed that during the first year of the agreement, MG made the first prepayment of $500,000 called for, and Amoco provided transportation capacity to move MG’s gas. In the second year of the agreement however, MG refused to make the prepayment called for and filed a suit. In its suit, MG alleged that the purpose of the transportation agreement was to move gas to and from a facility at Stratton Ridge that MG and a Dow entity had been developing, but
 
 *158
 
 that through no fault of MG, the Stratton Ridge facility became impossible or impractical to complete for technical reasons. MG’s petition prayed that the court declare the inability to complete the Stratton Ridge facility an event of force majeure under the agreement and thus suspend MG’s obligations under the agreement, or, alternatively, that the court declare the agreement void or voidable on the theory or theories of mutual mistake, impossibility or impracticability of performance, frustration of purpose, or non-occurrence of an implied material condition.
 

 The trial court denied Amoeo’s motion to stay litigation and compel arbitration, holding that the arbitration clause was unambiguous and MG’s claims were not encompassed by the arbitration provision.
 

 Amoco’s sole point of error is that the trial court erred in denying Amoco’s motion to compel arbitration because, as a matter of law, all of the claims in MG’s original petition must be submitted to binding arbitration.
 

 Legal Authority
 

 The trial court’s determinations that the transportation agreement’s arbitration provision was unambiguous and that it did not encompass MG’s claims were conclusions of law. Conclusions of law are renewable
 
 de novo. Nelkin v. Panzer,
 
 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism’d w.o.j.).
 

 When deciding a motion to compel arbitration, a court must determine whether there is an agreement to arbitrate and, if so, whether the dispute falls within the scope of the agreement.
 
 Texas Private Employment Ass’n v. Lyn-Jay Internat’l, Inc.,
 
 888 S.W.2d 529, 531 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The primary concern of a court interpreting a contract is to ascertain and to give effect to the intentions of the parties as expressed in the instrument.
 
 R & P Enter. v. LaGuarta, Gavrel & Kirk,
 
 596 S.W.2d 517, 518 (Tex.1980);
 
 D.C. Edwards & Co. v. Fisher,
 
 610 S.W.2d 546, 549 (Tex.Civ.App.— ouston [1st Dist.] 1980, writ ref'd n.r.e.). A contract should be construed in its entirety, each part considered in relation to every other part so that the effect of each part on the others may be determined.
 
 Smart v. Tower Land and Inv. Co.,
 
 597 S.W.2d 333, 337 (Tex.1980). Arbitration is generally favored by the courts,
 
 Jack B. Anglin Co. v. Tipps,
 
 842 S.W.2d 266, 268 (Tex.1992), and doubts regarding the scope of an arbitration agreement are resolved in favor of arbitration.
 
 Lyn-Jay, Inc.,
 
 888 S.W.2d at 531.
 

 Analysis
 

 The parties do not dispute that they agreed to arbitrate, but they do dispute the scope of that agreement. Giving effect to all parts of the agreement, we hold the parties unambiguously intended to arbitrate any controversy or claim relating to payment, not strictly matters in the nature of accounting or administrative functions as contended by MG in its brief.
 

 The language employed in the arbitration provision, utilizing the words “any” and “relating to” are inclusive rather than exclusive words. Conversely, the parties did not use words of limitation when referring to the types of claims or controversies relating to payment that would be settled by arbitration. Even though two of the 17 articles were designated “quantity” and “billing and payment,” there are provisions for payments throughout the agreement.
 
 [2]
 
 We find that a commitment level prepayment, which is the type of payment involved here, as well as payments for quantities of gas actually transported, is included within the arbitration provision.
 

 The net effect of all the defenses contained in MG’s original petition is to avoid payments under the agreement. Therefore, MG’s suit is a “controversy or claim relating to payments under this agreement” and subject to the arbitration clause of the agreement.
 

 We sustain Amoco’s sole point of error.
 

 Conclusion
 

 We reverse the trial court’s order denying the motion to compel arbitration and render judgment that the parties proceed to arbitra
 
 *159
 
 tion in accordance with the terms of the agreement. This Court’s temporary stay of proceedings in the trial court is dissolved.
 

 [1]
 

 . The Texas General Arbitration Act, Tex.Rev.Civ.Stat.Ann. art. 238-2 (Vernon 1973) authorizes interlocutory appeals from most orders concerning arbitration, including those which deny a motion to compel arbitration.
 
 Central Nat'l Ins. Co. v. Glover,
 
 856 S.W.2d 490, 491 (Tex.App.— Houston [1st Dist.] 1993, no writ).
 

 [2]
 

 . Some form of the word “pay” appears in over half of the 17 articles of the agreement.